No. 29,279.

THE KANSAS WHEAT GROWERS ASSOCIATION, *Plaintiff,*
v. A. E. JACQUES, *Defendant.*

No. 29,479.

THE KANSAS WHEAT GROWERS ASSOCIATION, *Appellant,*
v. J. E. SMITH, *Appellee.*

(288 Pac. 760.)

Opinion
filed June 7, 1930.

*T. A. Noftzger, George W. Cox* and *Lawrence Weigand,* all of Wichita, for the plaintiff and the appellant.

*William Keith* and *Lester Wilkinson,* both of Wichita, for the defendant and the appellee.

The opinion of the court was delivered by

HARVEY, J.: These two actions, submitted together, present the same legal question. One, No. 29,279, is an original mandamus proceeding in this court to compel the clerk of the district court of Sedgwick county to issue an execution on a judgment in that court. The other, No. 29,479, is an appeal from an order of the court overruling plaintiff's motion in the action in which the judgment was rendered to require the clerk of the court to issue an execution on the judgment.

On March 12, 1928, in an action pending in the district court of Sedgwick county, in which the Kansas Wheat Growers Association was plaintiff and J. E. Smith was defendant, the plaintiff recovered a judgment for $512.50. On the facts found, plaintiff deemed itself entitled to a larger judgment. Its motion for judgment for a larger amount was overruled, and it appealed. This court, in *Kansas Wheat Growers Ass'n v. Smith,* 127 Kan. 267, 273 Pac. 437, directed the trial court to enter judgment for plaintiff for $1,109.25, and on

February 21, 1929, judgment was rendered in accordance with the mandate from this court. On February 11, 1929, J. E. Smith, proceeding under R. S. 60-3005, filed a petition for a new trial on the ground of newly discovered evidence. On the clerk's docket this was given a separate number from the original case. The petition for a new trial was heard August 12, 1929, and denied, the court granting a thirty-day stay. Within that time Smith appealed to this court and, proceeding under R. S. 60-3322, gave a supersedeas bond, entitled in both of the cases as docketed by the clerk of the court, which recited the judgment of February 21, 1929, the filing of the petition for a new trial, and the overruling of the same, and that he intended to prosecute a proceeding to reverse the order denying him a new trial, and by which he and his sureties bound themselves to the plaintiff in the penal sum of $4,000 to "pay the said condemnation money and costs in the aforementioned case and proceeding in the event" the order appealed from should be affirmed. This bond was approved by the clerk of the court. No question is here raised as to the sufficiency of the amount or securities of the bond. Notice of appeal was duly given from the order denying a new trial.

After this bond was filed plaintiff in the original case filed a præcipe for an execution on the judgment of February 21, 1929. The clerk of the court declined to issue it because of the appeal and bond. Plaintiff then filed a motion in that case asking the court to direct the clerk to issue the execution. That motion was overruled, and plaintiff appealed. Plaintiff also filed a separate mandamus action in this court to compel the clerk to issue the execution.

The sole question presented here is whether the bond given stays execution on the judgment of February 21, 1929. There appears to have been no previous decision of this court directly in point. A few cases are cited from other states, but the statutes construed are not identical with ours. This much seems clear: Had the trial court sustained the petition for a new trial the effect of it would have been to set aside the judgment of February 21, 1929, and to grant a new trial; and if this court on the appeal from the order denying the petition for a new trial (which appeal has not as yet been presented) should reverse the ruling of the trial court and direct a new trial, the mandate of this court would set aside the judgment of February 21, 1929. It seems important, therefore, that the supersedeas bond should stay that judgment, for it would be futile to enforce its collection when an appropriate proceeding to set it aside

is pending undetermined and the judgment creditor is amply protected by a supersedeas bond.

Much is said in the brief of plaintiff and appellant with respect to the petition for a new trial having been given a separate docket number in the district court. We do not regard that as important in so far as it affects the rights of the parties. While perhaps the petition could have been filed in the original case, it is a special proceeding, as distinct from an action, and it was not improper to give it a separate docket number. (McCamish, Kansas Forms, p. 1117, n. 3.)

In the mandamus proceeding No. 29,279 the writ is denied, and in the appeal No. 29,479 the judgment of the court below is affirmed.